UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 1:13-cv-10935-RGS

:

JACQUELINE BRENNER, on behalf of herself
and all others similarly situated,

v.

:::

KOHL'S CORPORATION,   :

:

:

**ORDER APPROVING PLAINTIFF'S UNCONTESTED**
**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

November 26, 2013

STEARNS, D.J.

On November 22, 2013, the court heard plaintiff Jacqueline Brenner's Motion for Preliminary Approval of Class Action Settlement.  Having reviewed the motion, the Settlement Agreement, the Declaration of D. Greg Blankinship, and the record in this case, the court makes the following findings:

1.      The court finds for the purposes of preliminary approval that the proposed settlement, as set forth in the Parties' Settlement Agreement, appears fair, reasonable, adequate, and potentially of benefit to the Class.  The court further finds that the Settlement was entered into by experienced counsel with the assistance of a highly experienced and respected mediator. The court therefore preliminarily approves the proposed Settlement pending the comments of Class members on its appropriateness and the fitness of Jacqueline Brenner to serve as Class Representative, the court noting that Ms. Brenner is also the named lead plaintiff in several other putative class actions filed by Class Counsel.

## Class Certification

2.      The court conditionally certifies, pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3), a Settlement Class defined as:

> All Massachusetts Kohl's customers who, from April 16, 2009 through the date of entry of the Preliminary Approval Order, conducted a consumer credit card purchase transaction with Kohl's and from whom Kohl's requested and recorded the customer's personal identification information, including but not limited to, a ZIP code.

Excluded from the Settlement Class are defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

3.      Pursuant to the Settlement Agreement, and for Settlement purposes only, the court finds as to the Settlement Class that:

(a) the Class is so numerous that joinder of all members is impracticable;

(b) there are questions of law or fact common to the Class;

(c) the claims of the named Plaintiff are typical of the claims of the Class;

(d) the named Plaintiff has represented herself capable to fairly and adequately protect the interests of the Class;

(e) questions of law and fact common to class members predominate over any questions affecting only individual Class members; and,

(f)   a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      The court provisionally appoints plaintiff Jacqueline Brenner as the representative of the Settlement Class.

5.      The court appoints D. Greg Blankinship, Todd S. Garber and the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C. as Class Counsel to the Settlement Class.**Settlement Administration**

6.      The court approves the parties' selection of a Settlement Administrator, with the responsibilities set forth in the Settlement Agreement.

**Notice To Potential Class Members**

7.      The court approves the form and content of the proposed Claim Form (Exhibit 1 to the Settlement Agreement); Long Form Notice (Exhibit 2 to the Settlement Agreement), Short Form Notice (Exhibit 3 to the Settlement Agreement) and, Publication Notice (Exhibit 4 to the Settlement Agreement) (the "Notices"), and approves the parties' proposal to distribute the Short Form Notice by U.S. Mail and the Long Form Notice via the Internet, and the Publication Notice via publication, as set forth in the Settlement Agreement.  The court finds that such form fairly and adequately (i) describes the nature of the Action and the Class's claims, issues, and defenses involved therein; (ii) sets forth the definition of the proposed Class; (iii) describes the terms and effect of the Settlement Agreement and of the Settlement; (iv) informs the Class of the binding effect of the proposed Settlement on members of the Class; (v) gives notice to the Class of the time and place of the Fairness Hearing; and (vi) notifies the members of the Class of their right to appear through an attorney and/or to request exclusion from the Class, including a description of the time and manner of requesting exclusion or objecting to any of the relief requested.  The court further finds that the parties' proposal regarding class notice to potential class members constitutes the best notice practicable under the circumstances, and complies with the notice requirements of due process and Fed. R. Civ. P. 23.

8.      Defendant or the Settlement Administrator will distribute and publish the Notices

no later than forty-five (45) calendar days after the entry of this Order.

9.      No later than ten (10) calendar days before the Fairness Hearing, the Settlement Administrator and/or Kohl's will file with the court and serve upon plaintiff's counsel a declaration confirming that the Notices have been provided in accordance with this Order.

**Exclusion from the Class**

10.      Class members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class in a timely and proper manner, as hereinafter provided.   To be excluded from the proposed settlement, Class members must mail a request for exclusion from the Class to the Settlement Administrator, at least fifteen (15) calendar days prior to the Final Approval Hearing.   The request for exclusion must be personally signed by the Class member requesting exclusion.   So-called "mass" or "class" opt outs shall not be permitted.   The request must include the Class member's full name, current mailing address, phone number, signature, and a statement substantially to the effect that: "I want to be excluded from the settlement class in <u>Brenner v. Kohl's Corporation</u>.   To be considered valid, a request for exclusion must be timely received.

**Appearance and Objections at Fairness Hearing**

11.      Any member of the Class who wishes to object to the fairness, reasonableness or adequacy of the Settlement or to any term of the Settlement Agreement, may file an objection at least fifteen (15) calendar days prior to the Final Approval Hearing.   To object, a Class member must file a written objection with the court, with copies timely sent to Class Counsel and Kohl's Counsel at the addresses set forth in the Notices.   To be considered a valid objection, the objection must include the Class member's complete name together with their telephone number, residence address (address and telephone number may be redacted in the copy of the objection

filed with the Court), and such other information as may be necessary to permit Kohl's and Class Counsel to verify that the objector is a Class Member.   Further, any written objection must include a statement that the Class member falls within the definition of the Class, the statement that "I object to the settlement in <u>Brenner v. Kohl's Corporation</u>" or words to the same effect, as well as a brief explanation of the reason or reasons for the objection.   Any person objecting to the settlement may also apply to the court for the opportunity to be heard at the Final Approval hearing.   Any application to be heard must be filed at least fifteen (15) calendar days prior to the Final Approval Hearing.   Any member of the Class or other person who does not timely file and serve a written objection shall be deemed to have waived any objection to the Settlement.

**Stay of Proceedings**

13.    All discovery and pretrial proceedings in this Action are stayed and suspended until further order of this court.

**Fairness Hearing**

12.    The court will hold a Final Approval Hearing (also known as a "Fairness Hearing") at 2:15 p.m. on February 4, 2014 in Courtroom 21, 7th Floor of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to consider the fairness, reasonableness and adequacy of the Settlement Agreement, the entry of a Final Order and Judgment in the case, any petition for attorneys' fees, costs and reimbursement of expenses made by Class Counsel, Enhancement Awards to named plaintiff, and any other related matters that are brought to the attention of the Court in a timely fashion.

13.    Any member of the Class that has not filed a Request for Exclusion may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the court, either in support of or in opposition to the fairness, reasonableness and adequacy of the

Settlement Agreement; provided, however, that no person shall be heard in opposition to the Settlement Agreement, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the court, unless, that person files an objection in accordance with the deadlines above.

14.     The date and time of the Fairness Hearing shall be set forth in the Notice but shall be subject to adjournment by the court without further notice to the members of the Class other than which may be posted on the court's Electronic Case Filing (ECF) system or the website created pursuant to the Settlement Agreement, as set forth in the Short Form Notice.

15.     If Final Approval of the Settlement is not granted, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the parties rights and the parties shall return to the *status quo ante*, and all Orders issued pursuant to the Settlement and Preliminary and Final Approval process shall be vacated.  In such event, the Settlement Agreement and all negotiations concerning it shall not be used or referred to in this action for any purpose whatsoever.

SO ORDERED:


_____
Honorable Richard G. Stearns
United States District Court Judge