UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JACQUELINE BRENNER, on behalf of herself and all others similarly situated,

       Plaintiff,

vs.                                                  Case No.: 1:13-cv-10935 RGS

KOHL'S CORPORATION,

       Defendant.
_____/

TIMOTHY ALBERTS and MICHAEL PIETRANTONIO, on behalf of themselves and all others similarly situated,

       Plaintiff,

vs.                                                  Case No.: 1:13-cv-12523 WGY

KOHL'S DEPARTMENT STORES, INC.,

       Defendant.
_____/

**UNOPPOSED MOTION TO RELATE CASES AND STAY LATER-FILED CASE PURSUANT TO LOCAL RULE 40.1(G)**

**I.     INTRODUCTION**

Kohl's Corporation ("Kohl's") brings this Motion to Relate Cases and Stay Later-Filed Case ("Motion"), to facilitate the consolidation of the above-captioned case (the "*Instant Action*") with a nearly identical action, *Alberts et al. v. Kohl's Department Stores, Inc.,* Case No. 1:13-cv-12523 (the "*Alberts Action*" and, together with the Instant Action, the "*Related Actions*"), currently pending in the United States District Court for the District of Massachusetts. The *Alberts Action* asserts fundamentally identical allegations and involves an identical putative class as alleged in the *Instant Action*. A determination that the *Alberts Action* is related to the *Instant Action* should permit a stay of the *Alberts Action* and/or consolidation pending final approval of the class settlement in the *Instant Action* which, in turn, will improve the convenience of the parties and witnesses involved in the *Related Actions*, promote the interests of justice, and alleviate burdens on the judicial resources of the State of Massachusetts.

Plaintiff's counsel in each of the Instant Action and the Alberts Action has indicated that they do not oppose this Motion.

**II.    BACKGROUND**

On April 16, 2013, Plaintiff Jacqueline Brenner filed the *Instant Action* against Kohl's Corporation, alleging violation of the Massachusetts Unfair Trade Practices Act, Mass Gen. Laws ch. 93A ("Massachusetts Consumer Protection Statute") and a claim for Unjust Enrichment based upon an alleged practice by Kohl's of requesting and recording credit card customer zip codes at the point of sale. On October 8, 2013, Plaintiffs Timothy Alberts and Michael Pietrantonio filed the *Alberts Action*, which alleges an identical claim under the Massachusetts Consumer Protection Statute based upon identical operative facts.

On October 21, 2013, a class-wide settlement agreement (the "Settlement Agreement") in the *Instant Action* was executed, which provided for the certification for settlement purposes of a class of consumers who provided their personal identification to

1

Kohl's during credit card transactions occurring in Massachusetts. The Settlement Agreement also provided for a class-wide release of Kohl's and its subsidiaries, including Kohl's Department Stores, Inc., for any and all claims under the Massachusetts Consumer Protection Statute arising from the facts alleged in the complaint.

On December 5, 2013, this Court issued an Order Approving Plaintiff's Uncontested Motion For Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, this Court conditionally certified a settlement class of: "All Massachusetts Kohl's customers who, from April 16, 2009 through the date of entry of the Preliminary Approval Order, conducted a consumer credit card purchase transaction with Kohl's and from whom Kohl's requested and recorded the customer's personal identification information, including but not limited to, a ZIP code."

### III.    THE ALBERTS ACTION IS RELATED TO THE INSTANT ACTION

#### A.    The *Related Actions* Concern Substantially The Same Parties, Property, Transaction Or Event

Under Local Rule 40.1(G) civil cases are related if some or all of the parties are the same and the cases involve the same or similar claims or defenses or the cases involve the same property, transaction or event. Here, the *Alberts Action* asserts claims that substantially, if not entirely, overlap those in the *Instant Action*. For example, the operative complaints allege similar or identical classes of consumers from whom the same defendant, Kohl's, is alleged to have requested and/or recorded personal identification information in conjunction with credit card transactions in Massachusetts. In addition to the overlapping class definitions, each of the complaints asserts a violation of the Massachusetts Consumer Protection Statute based upon nearly identical operative factual allegations. While the *Instant Action* also asserts a claim for Unjust Enrichment, that claim is based on identical underlying allegations shared by both actions. Moreover, both named plaintiffs in the *Alberts Action* and the putative class they seek to represent

2

are members of the class that was conditionally certified by this Court's Preliminary Approval Order in the *Instant Action*.

      **B.    The Cases Should Be Related And The *Alberts Action* Stayed Pending Final Approval Of The Settlement In The *Instant Action***

A determination that the two actions are related and an accompanying stay of the *Alberts Action* would substantially improve the convenience of all parties and witnesses and promote a more efficient process.  As an initial matter, particularly in the class action context, it would be "inefficient to expend resources adjudicating a dispute virtually identical to one already pending in [a] sister district."  *Greenwell v. Belkin*, No. C 06-02760, 2006 U.S. Dist. LEXIS 76231, at *6 (N.D. Cal. Oct. 10, 2006)  (granting defendant's motion to transfer a class action to a transferee court where identical class actions were already pending because "consolidation prevents waste and duplication of judicial time and effort, and avoids the risk of inconsistent litigation in complicated cases").  Indeed, the risk of wasting court costs, time, and resources is particularly present when there are virtually identical class actions in sister districts that require analysis of the same legal issues.

Additionally, litigating identical class actions in different courtrooms exposes the parties to the possibility of inconsistent legal results on identical claims.  Designating the cases as related and issuing a stay of the *Alberts Action* would allow for greater judicial coordination and control of the settlement process and other related matters, which would substantially reduce costs to all parties and prevent needless waste in the form of duplicitous hearings, motions, requests, and other procedures.

## IV. CONCLUSION

For the foregoing reasons, Kohl's Motion should be granted and the *Alberts Action* should be transferred and/or stayed pending final approval of the settlement in the *Instant Action*.

Dated:  December 9, 2013    Respectfully Submitted,

KOHL'S CORPORATION
By their attorneys,


/s/ *Matthew C. Baltay*
Matthew C. Baltay (BBO #638722)
Daniel L. McFadden (BBO# 676612)
FOLEY HOAG LLP
Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600
Tel:  617-832-1000
Fax:  617-832-7000
mbaltay@foleyhoag.com
dmcfadden@foleyhoag.com

Matthew R. Orr (CA Bar 211097)
*(Admitted Pro Hac Vice)*
Scott R Hatch (CA Bar 241563)
*(Admitted Pro Hac Vice)*
CALL & JENSEN, APC
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
morr@calljensen.com
shatch@calljensen.com

*Attorneys for Defendant Kohl's Corporation*

## Local Rule 7.1(a)(2) Certificate

I hereby certify pursuant to Local Rule 7.1(a)(2) that the moving party has conferred in good faith with all counsel in both the *Instant Action* and the *Alberts Action* on the matters set forth herein and that counsel does not oppose this Motion.

/s/ *Matthew C. Baltay*

## Certificate of Service

I hereby certify that the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper and e-mail copies will be sent to those indicated as non-registered participants on December 9, 2013.

/s/ *Matthew C. Baltay*