UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
JACQUELINE BRENNER, on behalf of :
herself and all others similarly situated, : No. 1:13-cv-10935-RGS
:
Plaintiff, :
:
-against- :
:
KOHL'S CORPORATION, :
:
:
Defendant. :
_____:

**FINAL APPROVAL ORDER**

This matter having come before the Court for a Final Approval Hearing on March 11, 2014, pursuant to the Preliminary Approval Order of this Court dated December 5, 2013, on the application of Plaintiff for final approval of the Settlement Agreement executed on or about October 15, 2013, the best practicable notice in the circumstances having been given to the Settlement Class as required by the Preliminary Approval Order, the Settlement Class members having been afforded an adequate opportunity to submit claims, exclude themselves from the Settlement or to object thereto, and the Court having considered all papers filed, oral arguments

presented, and proceedings had herein, and otherwise being fully informed in the premises as to the facts and the law,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.   This Court has jurisdiction over the subject matter of the Action, and over Kohl's Corporation and all members of the Settlement Class.

2.   As set forth in the Court's Preliminary Approval Order, the Court reaffirms its order of December 5, 2013, certifying the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), and finally certifies the Settlement Class defined as:

> All Massachusetts Kohl's customers who, from April 16, 2009 to November 27, 2013, conducted a consumer credit card purchase transaction with Kohl's and from whom Kohl's requested and recorded the customer's personal identification information, including but not limited to, a ZIP code.

Excluded from the Settlement Class are Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.

3. The Court confirms the appointments of Jacqueline Brenner as the Class Representative and D. Greg Blankinship, Todd S. Garber and the law firm of Meiselman, Packman, Nealon, Scialabba & Baker P.C. as Class Counsel.

4. Notice of the proposed Settlement was given to all Settlement Class members by the best means practicable under the circumstances, including direct U.S. Mail, publication of the notice in the Massachusetts edition of USA Today and publication of the notice on the internet at brennersettlement.com. The form and method of notifying the Settlement Class of the pendency of the Action and all terms of the proposed Settlement met the requirements of the Preliminary Approval Order, Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law.

5. The Settlement Agreement was negotiated at arm's length, in good faith, by capable and experienced counsel, with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the involvement of the Parties. The Settlement Agreement is entitled to a presumption of procedural fairness, and was entered into as the result of a process that conformed to the procedural requirements of Rule 23 of the Federal Rules of Civil Procedure.

6. The Settlement confers economic and non-economic benefits upon the Settlement Class members, and will serve the public interest in providing the Parties with repose from litigation.

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Settlement is fair, reasonable, and adequate, and therefore approves the Settlement and directs that the Settlement be consummated in accordance with the terms of the Settlement Agreement.

8. The Court hereby approves, as fair, reasonable, and adequate, the allocation, *i.e.*, the distribution of benefits to the Settlement Class members and the means used to provide such benefits, as set forth in the Settlement Agreement.

9. The Court has considered Class Counsel's request for an award of $135,000 in attorneys' fees and costs and expenses. The Court recognizes Class Counsel's capable and zealous prosecution of the Action, and notes that the requested fee award will be paid by Kohl's Corporation and thus will not diminish or erode the benefit to the Settlement Class.[1]

---

[1] In that Kohl's has agreed to pay the attorneys' fees and costs in a sum apart from the class award itself, and given the lack of objection by Kohl's to the fee application, the court does not find it necessary to review the application itself in any detail. *Cf. Brenner v. J.C. Penney Co., Inc.,* 2013 WL 6865667 (D. Mass., Dec. 26, 2013) (examining requested attorneys' fee award that was contested by opposing party, for, inter alia, excessive duplication and overbilling). On a cursory examination, the number of hours billed and gross amount claimed here do not appear unreasonable.

The Court hereby approves the requested award of attorneys' fees and costs and expenses, in the amount of $135,000.

10.  In making this award of attorneys' fees and costs and expenses, the Court has considered and found that:

    (a) The Settlement provides direct, immediate and tangible economic benefits to the Settlement Class members, with an economic value of $425,000;

    (b) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

    (c) But for the Settlement, the litigation would involve further lengthy proceedings, at considerable risk to the Settlement Class, and with uncertain resolution of the legal and factual issues;

    (d) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representative and the Settlement Class may have recovered less or nothing from Defendant;

    (e) The requested award of attorney's fees, costs, and expenses is presumed fair and reasonable, and consistent with awards in similar cases; and

    (f) The requested award of attorney's fees will not diminish the recovery of the Class; and is unopposed by Kohl's.

11.  The Court finds the requested incentive award for the Class Representative to be justifiable under the facts of this case and the applicable legal authorities, and notes that the award will be paid by

Defendant and thus will not diminish or erode the benefit to the Settlement Class. Accordingly, the Court hereby approves the incentive award of $3,000 for Plaintiff Jacqueline Brenner.

12. The Court notes that there has been only one objection to the Settlement (directed primarily at a perceived excess of legalese in the notice sent to potential class members).

13. The Court hereby dismisses the Action in its entirety, with prejudice, and without costs except as otherwise provided in the Settlement Agreement and expressly stated in this Final Approval Order or additional Order of this Court.

14. As of the effective date of the Settlement Agreement, the releases set forth in the Settlement Agreement shall take effect, subject to the terms thereof.

15. Notwithstanding the entry of Judgment, this Court shall retain exclusive and continuing jurisdiction and exclusive venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Settlement.

16. If the Judgment of this Court does not become Final and Conclusive, this Final Approval Order shall be rendered null and void, and shall be vacated *nunc pro tunc.*

17. The Parties are hereby authorized, without requiring further approval from the Court, to agree to and adopt amendments and modifications to the Settlement Agreement, in writing and signed by the Parties, that are not inconsistent with this Final Approval Order and that do not limit the rights of the members of the Settlement Class.

       IT IS SO ORDERED.

       <u>/s/ Richard G. Stearns</u>
       UNITED STATES DISTRICT JUDGE

Dated: Boston, MA
    March 12, 2014